**Parviz Haghighi ABYANEH and Iran Haghighi, Plaintiffs,**

v.

**MERCHANTS BANK, NORTH, Successor by merger to First State Bank, Defendant.**

**Civ. No. 86–0704.**

United States District Court, M.D. Pennsylvania.

March 6, 1987.

Hoegen & Marsh, Glenn G. Yanik, Wilkes-Barre, Pa., for plaintiffs.

Charles A. Shea, III, Shea, Shea & Caputo, Wilkes-Barre, Pa., for Merchants Bank et al.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

Plaintiff Abyaneh commenced this action on May 21, 1986 by filing a Complaint which contained three counts and which alleged causes of action in contract, tort and under the Electronic Fund Transfers Act (EFTA), 15 U.S.C. § 1693 *et seq.* Plaintiff Haghighi was added as a party by means of an Amended Complaint filed on June 27, 1986.

Plaintiffs allege that they were co-owners of a savings account at First State Bank. On May 23, 1984, an unknown male individual entered the Raleigh, North Carolina office of Citizens Savings and Loan Association of Rocky Mount, North Carolina (Citizens) and identified himself as plaintiff Abyaneh. This individual established a savings account at Citizens and advised Citizens' personnel that he wished to transfer funds from plaintiffs' Pennsylvania account into his newly created account. He provided Citizens with First State Bank's telephone number, the name of a woman employed at the Pennsylvania bank who supposedly could handle the transfer and the account number for plaintiffs' Pennsylvania account. The individual then telephoned First State Bank, spoke with an officer of that institution and arranged a wire transfer. All of the funds in the First State Bank account, $53,825.66, were transferred by wire to the account at Citizens and were later withdrawn from the North Carolina account.

Presently before the court is defendant's Motion for Partial Summary Judgment. Defendant filed its motion, a Statement of Material Facts and a Brief in Support on February 11, 1987. It contends that application of EFTA to the instant wire transfer is specifically excluded by 15 U.S.C. § 1693a(6)(E).

Also before the court is plaintiff's Motion for Partial Summary Judgment which was submitted on February 25, 1987, along with a Statement of Material Facts, a Brief in Support and an Opposition to defendant's motion. Plaintiffs in essence seek a ruling on the availability of certain defenses raised in defendant's Answer.

For the reasons set forth below, the court will grant defendant's Motion for Partial Summary Judgment and will deny plaintiffs' Motion for Partial Summary Judgment.

### Analysis

#### 1. Defendant's Motion

■ The EFTA specifically excludes the following situation from its coverage:

> any transfer of funds which is initiated by a telephone conversation between a consumer and an officer or employee of a financial institution which is not pursuant to a prearranged plan and under which periodic or recurring transfers are not contemplated.

15 U.S.C. § 1693a(6)(E).

There is no dispute that the present case involves a wire transfer initiated by a telephone conversation with an officer of a financial institution, which conversation neither was conducted pursuant to a prearranged plan nor contemplated periodic or recurring transfers. Plaintiffs argue, however, that the above exclusion does not apply to their case because the individual who appeared at Citizens on May 23, 1984 was not a "consumer." In short, plaintiffs want the court to interpret "consumer" as synonymous with "account holder." *See* Document 30 at pp. 13–14.

The only reported decision construing 15 U.S.C. § 1693a(6)(E) is *Kashanchi v. Texas Commerce Medical Bank, N.A.*, 703 F.2d 936 (5th Cir.1983), a case which involved facts and issues which are nearly identical to those in the present dispute. There, plaintiff and her sister were sole owners of a savings account at the defendant bank. A total of $4900 was transferred from their account as a result of a telephone conversation between an employee of the defendant bank and an alleged imposter who represented herself as the plaintiff or her sister.

The plaintiffs in *Kashanchi* alleged violations of the EFTA and maintained that the exclusion in 15 U.S.C. § 1693a(6)(E) did not apply. The plaintiffs argued that the term "consumer" in that statutory provision should be interpreted as "account holder." The district court dismissed the complaint, and the appellate court affirmed. The Court of Appeals for the Fifth Circuit set forth the following grounds for its holding that the exclusion in § 1693a(6)(E) barred plaintiff's cause of action:

(1) The EFTA explicitly defines "consumer" as a "natural person," 15 U.S.C. § 1693a(5), and there is no indication in the legislative history that Congress intended "consumer" to be synonymous with "account holder." 703 F.2d at 938.

(2) Congress could have limited the provision in question to account holders, as opposed to all natural persons, by simply using the appropriate language, but it did not do so. *Id.* at 939.

(3) Reading "consumer" as the equivalent of "account holder" would create redundancies in other portions of the EFTA.[1] *Id.*

(4) The legislative history of the EFTA indicates that telephonic communications were included in the definition of electronic fund transfers in order to extend coverage over computerized pay-by-phone systems which are impersonal in nature and which are more vulnerable to fraud, embezzlement and unauthorized use than traditional

---

1. *See, e.g.,* 15 U.S.C. § 1693a(8) which provides: the term "financial institution" means a State or National bank, a State or Federal savings and loan association, a mutual savings bank, a State or Federal credit union, or any other person who, directly or indirectly, holds an account belonging to a consumer.

payment methods; informal nonrecurring consumer-oriented transfers were excluded because they are not as prone to computer error or institutional abuse since they are handled on a personal basis. *Id.* at 940–41. The court pointed out:

> Telephonic transfers made between a natural person and an employee of the financial institution share this element of human contact, regardless of whether the transfer is made by the account holder or someone else.... When the bank employee allegedly agreed to withdraw funds from the plaintiff's account, he or she presumably could have asked some questions to ascertain whether the caller was one of the account holders. The failure to attempt to make a positive identification of the caller might be considered negligence or a breach of the deposit agreement under state law. When someone makes an unauthorized use of an electronic fund transfer system, however, the financial institution often has no way of knowing that the transfer is unauthorized.

Thus, the court concluded, "Congress intended to exclude from the Act's coverage any transfer of funds initiated by a phone conversation between any natural person and an officer or employee of a financial institution, which was not made pursuant to a prearranged plan and under which periodic and recurring transfers were not contemplated." *Id.* at 942.

This court is persuaded by the reasoning set forth in the *Kashanchi* opinion and adopts its interpretation of "consumer" in 15 U.S.C. § 1693a(6)(E). Therefore, the court determines that the exclusion set forth in § 1693a(6)(E) applies to plaintiffs' EFTA claim, and partial summary judgment will be granted in favor of defendant.[2]

2. *Plaintiffs' Motion*

■ Plaintiffs seek summary judgment on certain defenses raised by defendant in its Answer. Summary judgment in favor of a claimant is appropriate only when he seeks "to recover upon a claim, counter-

claim, or cross-claim or to obtain a declaratory judgment." Fed.R.Civ.P. 56(a). Summary judgment, then, is inappropriate in this instance because plaintiffs' motion addresses defenses as opposed to their own claims. Therefore, their motion will be denied.

The court will construe plaintiffs' summary judgment motion as a request to rule upon the availability of the defenses set forth in the Answer. Inasmuch as the court does not now know which of these defenses will actually be asserted at trial and inasmuch as a pretrial conference is scheduled for March 5, 1987 and trial is listed for March 9, 1987, the court will refrain from ruling on the availability of any defenses at this time.

An appropriate Order will enter.

---

**2.** Although no federal claims remain in this case, it appears that the court retains jurisdiction over plaintiffs' state law claims since plain-

tiffs are citizens of Iran, defendant is a citizen of Pennsylvania and the amount in controversy is in excess of $10,000. 28 U.S.C. § 1332.